## UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF OHIO
## EASTERN DIVISION

**James Paat,**

    **Plaintiff,**

    **v.**                           **Case No. 2:20-cv-3680**

**Shawn D. Messner, *et al.*,**             **Judge Michael H. Watson**

    **Defendants.**              **Magistrate Judge Jolson**

### OPINION AND ORDER

James Paat ("Plaintiff") sues Shawn D. Messner ("Messner"), Daniel F. Thompson ("Thompson"), and Meadows One, LLC ("Meadows One," collectively, "Defendants"), asserting Minnesota state-law claims arising from a business dispute.  Compl., ECF No. 3.  Defendants move for a stay of all proceedings, or, alternatively, to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6) for failure to state a claim.  ECF No. 5.  For the following reasons, the Court **GRANTS** Defendants' motion and **STAYS** this case.

### I.    BACKGROUND

On May 20, 2020, Meadows One sued Plaintiff in Minnesota state court ("Minnesota Action").  Ex. 1, ECF No. 6-1.  Plaintiff asserted seven Minnesota state-law counterclaims in the Minnesota Action.  Ex. 2, ECF No. 6-2.

On June 16, 2020, Plaintiff sued Defendants in the Franklin County, Ohio, Court of Common Pleas ("Ohio Action").  Notice of Removal, Ex. A, ECF No. 1-1.

Plaintiff asserted the same seven Minnesota state-law claims in the Ohio Action as his counterclaims in the Minnesota Action. *Compare* Compl., ECF No. 3, *with* Ex. 2, ECF No. 6-2.

On July 20, 2020, Defendants removed this case to federal court pursuant to 28 U.S.C. § 1446(b)(1) and asserted that this Court has diversity jurisdiction over the case pursuant to 28 U.S.C. § 1332. Notice of Removal, ECF No. 1. Defendants assert that they are all citizens of Minnesota for purposes of diversity jurisdiction and that Plaintiff is a citizen of Ohio. *Id.* at ¶¶ 8–11.

Defendants now move to stay this litigation pursuant to the *Colorado River* doctrine. ECF No. 5.

## II.    STANDARD

Under *Colorado River*, abstention is permissible when: (1) there is "parallel" litigation pending in state and federal courts, and (2) the proposed litigation in federal court would be duplicative or unwise. *Colo. River Water Conserv. Dist. v. United States*, 424 U.S. 800, 817–18 (1976); *see also Bates v. Van Buren Twp.,* 122 F. App'x 803, 806–07 (6th Cir. 2004). *Colorado River* abstention rests on considerations of "wise judicial administration" and the general principle against duplicative litigation. *Bates*, 122 F. App'x at 806. As the Supreme Court exhorted, however, abstention from the exercise of jurisdiction is the exception, not the rule. *Colorado River*, 424 U.S. at 813. Indeed, federal courts have a "'virtually unflagging obligation . . . to exercise jurisdiction given them.'" *Moses H. Cone Memorial Hosp. v. Mercury Constr.*

*Corp.*, 460 U.S. 1, 15 (1983) (quoting *Colorado River*, 424 U.S. at 817).

Accordingly, abstention is warranted only in exceptional circumstances.

*Colorado River*, 424 U.S. at 81.

The threshold question in *Colorado River* abstention is whether there is a

parallel proceeding in state court. *Id.* at 806. If the two cases are parallel, the

Court must next examine whether judicial economy warrants abstention. To

make this determination, the Court considers the following factors:

> (1) whether the state court has assumed jurisdiction over any res or
> property; (2) whether the federal forum is less convenient to the
> parties; (3) avoidance of piecemeal litigation; . . . (4) the order in which
> jurisdiction was obtained[;] . . . (5) whether the source of governing
> law is state or federal; (6) the adequacy of the state court action to
> protect the federal plaintiff's rights; (7) the relative progress of the
> state and federal proceedings; and (8) the presence or absence of
> concurrent jurisdiction.

*PaineWebber, Inc. v. Cohen*, 276 F.3d 197, 206 (6th Cir. 2001); s*ee also Romine*

*v. Compuserve Corp.*, 160 F.3d 337, 340–41 (6th Cir. 1998) (citations omitted).

These factors are not a "mechanical checklist" but rather considerations that

must be carefully balanced in a given case, "with the balance heavily weighted in

favor of the exercise of jurisdiction." *Moses H. Cone*, 460 U.S. at 16.

### III.   ANALYSIS

As to the threshold question, there is no dispute that the Ohio Action and

the Minnesota Action are parallel litigations. Here, Plaintiff asserts the same

seven claims against the same three parties to his seven counterclaims in the

Minnesota Action, and he concedes that this portion of *Colorado River* is met.

Resp. 6, ECF No. 7. Still, Plaintiff contends that even though the actions are parallel, abstention is not warranted under the latter half of the *Colorado River* test. Thus, the Court will analyze only the wisdom of proceeding with this parallel litigation under the eight aforementioned factors.

The first factor weighs against abstention because the state court did not assume jurisdiction over any res or property. *See Bates*, 122 F. App'x at 807.

The second factor is largely neutral because the federal forum is less convenient for Defendants as they are all citizens of Minnesota but more convenient for Plaintiff and some of his witnesses. *See Szabo v. CGU Int'l Ins., PLC.*, 199 F. Supp. 2d 715, 720 (S.D. Ohio 2002) (finding the second factor neutral in a similar circumstance).

However, the remaining factors indicate that it is wise to abstain. The third factor weighs in favor of abstention because parallel claims litigated with different case schedules could result in piecemeal litigation and resolution of some claims before others, as well as risk inconsistent results. *See Healthcare Co. v. Upward Mobility, Inc.*, 784 F. App'x 390, 396 (6th Cir. 2019) ("If both actions were permitted to go forward, two courts would be adjudicating the same legal issue[s]—the classic piecemeal litigation situation."); *Blake*, 917 F. Supp. 3d at 737–38 ("Should both this action and the state action continue to proceed independently, there is a risk of inconsistent results"); *Cass River Farms, LLC v. Hausbeck Pickle Co.*, No. 16-cv-12269, 2016 U.S. Dist. LEXIS 141048, at *18 (E.D. Mich. Oct. 12, 2016) (weighing heavily the avoidance of piecemeal litigation

as a primary factor because "[i]f the Court were to exercise jurisdiction, the contracts between the parties would be interpreted twice and potentially in contradictory ways. That result would not only [be] a waste of judicial resources, but it would also harm the legitimacy of the court system." (further citations omitted)). The fourth factor weighs in favor of abstention, albeit slightly, because this court obtained jurisdiction after the Minnesota Action was filed, and after Plaintiff asserted the identical counterclaims in that case. The fifth factor weighs strongly in favor of abstention because the source of law is solely Minnesota state law; there are no federal claims asserted. The sixth factor favors abstention because there is no doubt that the Minnesota state court is an adequate forum in which to adjudicate Plaintiff's Minnesota state-law claims. *See Upward Mobility*, 784 F. App'x at 396 (finding the same when "there is no legitimate reason the state court is not adequate to adjudicate the dispute"). Similarly, the seventh factor slightly favors abstention because although neither case has meaningfully progressed, the Minnesota court is further along, whereas no merits decision is likely to be rendered soon in this case as the discovery and dispositive motion deadlines are not until the end of 2021. *See* Sch. Order, ECF No. 11. Finally, the eighth factor weighs in favor of abstention as the Minnesota state court and this Court have concurrent jurisdiction over the state-law claims. *See Blake*, 917 F. Supp. 2d at 738 ("the fact that there is concurrent jurisdiction between the state and federal court evinces a policy favoring abstention").

On balance, the factors weigh in favor of abstention.  *See Upward Mobility*, 784 F. App'x at 396 (finding abstention warranted where "the only issue[s] in the federal litigation will be decided by a state proceeding that was filed first, is governed by state law, and is at least as far along as the federal proceeding" in large part "because the driving principle of *Colorado River* is wise judicial administration, giving regard to conservation of judicial resources and comprehensive litigation" (internal citations and quotations omitted)).

### IV.     CONCLUSION

For these reasons, the Court **GRANTS** Defendants' motion and **STAYS** this case pursuant to the *Colorado River* doctrine.  ECF No. 5.[1]  The Clerk is **DIRECTED** to administratively close this case.  The parties are to submit status reports every six months and shall promptly notify this Court if further litigation is needed in this case.

**IT IS SO ORDERED.**

**MICHAEL H. WATSON, JUDGE**
**UNITED STATES DISTRICT COURT**

---

[1] Because the Court finds that a stay is warranted, it will not address Defendants' alternate request for relief.